IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHNNY LACY, JR.,

                Plaintiff,

  v.

KEVIN A. CARR, GARY BOUGHTON,
PETER JAEGER, SANDRA McCARDLE,
HOLLY A. GUNDERSON, J. PAYNE,
A. TITTBACK, and G. REYNOLDS,

                Defendants.

OPINION and ORDER

20-cv-473-jdp

      Pro se plaintiff and prisoner Johnny Lacy, Jr. has filed a complaint about his conditions of confinement at the Wisconsin Secure Program Facility and he seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. I cannot allow Lacy to proceed on any claims at this time because his complaint includes unrelated claims against different defendants, so they cannot be joined in the same lawsuit. I will give Lacy an opportunity to choose which claims he wishes to pursue in this case, which claims he wants to pursue in a different case, and which claims he wishes to dismiss without prejudice to refiling them at a later date.

ANALYSIS

      Before I can consider the merits of Lacy's claims, there are two procedural rules that I must address: 28 U.S.C. § 1915(g) and Federal Rule of Civil Procedure 20. Both of those rules restrict the scope of the claims that Lacy can raise in this case.

      Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions,

> while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This provision applies to Lacy because a federal court has dismissed as legally frivolous at least three cases that he has filed in the past. *Lacy v. Buchler*, No. 93-C-889 (E.D. Wis. Aug. 1, 1994); *Lacy v. McCaughtry*, No. 93-C-657 (E.D. Wis. May 4, 1994); *Lacy v. Malloy*, No. 93-C-944 (E.D. Wis. June 10, 1994). *See also Lacy v. Waterman,* No. 18-cv-76-jdp, 2018 WL 1583041, at *1 (W.D. Wis. Mar. 30, 2018) (noting that 1915(g) applies to Lacy); *Lacy v. Cole*, No. 11-cv-1084, 2012 WL 441284, at *1 (E.D. Wis. Feb. 10, 2012) (same). Thus, in any case that Lacy files in federal court, he must either pay the filing fee in full or show that he is "under imminent danger of serious physical injury." Lacy has not paid the filing fee, so he must show that he is in imminent danger.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003), and *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). "[I]f the danger ha[s] passed when the suit [i]s filed the imminent-danger exception is inapplicable; the suit lacks the urgency that would justify allowing the prisoner who has accumulated three strikes to proceed *in forma pauperis*." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1174–75 (7th Cir. 2010).

Under Rule 20 and Rule 21 of the Federal Rules of Civil Procedure and a court's inherent authority, a lawsuit may be severed when it includes unrelated claims against different

defendants. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863–64 (7th Cir. 2018); *Lee v. Cook Cty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). As the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Lawsuits with unrelated claims are both unfair to defendants (who must participate in proceedings that have little to do with them) and difficult to manage for the court and the plaintiff (who may find it impossible to litigate so many claims at the same time, with or without a lawyer). *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits . . . to prevent the sort of morass produced by multi-claim, multi-defendants suits.") (internal quotations omitted). Thus, when a plaintiff tries to cram too much into one case, the court may require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." *Wheeler,* 689 F.3d at 683.

A review of Lacy's complaint reveals that it includes claims that belong in 11 separate lawsuits. The allegations related to five of those potential lawsuits satisfy the "imminent danger" standard under § 1915(g):

1) Defendant Sandra McCardle (a nurse practitioner) is refusing to treat a painful growth in Lacy's spleen and is not adequately treating a tumor in Lacy's liver that may be cancer.[1]

2) Lacy was removed from a cell that has a grab bar and an intercom button above the bed. Lacy is confined to a wheelchair, and he cannot safely use the toilet or the shower without a grab bar, and he cannot reach the intercom button if it is not close to the bed. (It isn't clear who Lacy believes is responsible for this. He mentions several staff members, but none of them are identified as defendants in the caption.)

---

[1] Some parts of Lacy's complaint suggest that the "growth" and the "tumor" are the same thing, but I am treating them separately because Lacy says that they affect different internal organs.

3

3) "Staff at WSPF" are failing to comply with a doctor's order for new linens every day to prevent boils from forming under Lacy's arm and in the groin area. (Lacy doesn't identify any particular staff members.)

4) "The HSU" is failing to treat pain that Lacy has "all over his body." (Lacy doesn't identify who in the HSU is refusing to treat his pain.)

5) Lacy is not receiving treatment for congestive heart failure. (Again, Lacy doesn't say who is responsible for this.)

Six of the potential lawsuits relate to past harm or issues that don't imminently threaten a physical injury:

6) Defendants Kevin Carr (Secretary of the Wisconsin Department of Corrections) and Gary Boughton (the warden) have a policy of allowing correctional officers to distribute medication to prisoners.[2]

7) Sergeant Tierney (who is not listed in Lacy's caption as a defendant) refused to answer the intercom over an entire eight-hour shift.

8) Defendant J. Payne, an inmate complaint examiner, intentionally mishandled several of Lacy's grievances.

9) "The property officer" is stealing Lacy's property.

10) Defendant A. Tittback, "a business officer worker," is preventing Lacy from: (1) obtaining copies of his medical records; and (2) sending mail to a disability rights lawyer. Defendant G. Reynolds, who works in the mail room, also tried to interfere with Lacy's communication with the same lawyer.

11) CO Meyers (who is not a defendant) lost or threw out Lacy's typewriter ribbons.

Under *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), only one of the above potential lawsuits may proceed as Case No. 20-cv-473-jdp. Lacy will have to choose which lawsuit that is. If he chooses one of the five potential lawsuits involving allegations of imminent

---

[2] Lacy doesn't explicitly connect Carr or Boughton (or anyone else) to this claim. But he is challenging prison policy, so it is reasonable to infer that the warden and the secretary are responsible for that policy. If Lacy wishes to pursue this claim and meant to sue someone else, he should say so.

danger (Nos. 1 through 5 above), then I will assess an initial partial payment and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. If he chooses one of the other six potential lawsuits that don't involve imminent danger (Nos. 6 through 11 above), then he will have to pay the $400 filing fee in full or the lawsuit will be dismissed.

As for the other lawsuits, Lacy has to make a choice. One option for Lacy is to pursue the other lawsuits separately. In that case, he will be required to pay a separate filing fee for each lawsuit. If Lacy chooses to pursue any of the "imminent danger" claims (Nos. 1 through 5 above) in a separate lawsuit, he will have to make an initial partial payment for each one of those lawsuits and then continue to make payments in accordance with 28 U.S.C. § 1915(b)(2). If he chooses to proceed separately on any of the lawsuits that do *not* involve imminent danger claims (Nos. 6 through 11 above), he will have to pay the $400 filing fee for each one of those lawsuits or the lawsuit will be dismissed.

Alternatively, Lacy may choose to dismiss one or more of the other lawsuits voluntarily. If he chooses this route, he will not owe additional filing fees for any lawsuit he dismisses. Any lawsuit dismissed voluntarily would be dismissed without prejudice, which means that Lacy would be able to bring it at another time, so long as he files it before the statute of limitations has run. (In Wisconsin, the statute of limitations for a claim brought under 42 U.S.C. § 1983 is six years. *Reget v. City of La Crosse*, 595 F.3d 691, 694 (7th Cir. 2010). Any state-law claims may have different statutes of limitations.)

Because it is not clear at this time which of Lacy's separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above or determined whether they provide fair notice of his claims, as required by Rule 8 of the Federal Rules of Civil Procedure. Once Lacy identifies the suit or suits he wants to continue to litigate,

I will screen the complaint as required under 28 U.S.C. § 1915(e)(2) and § 1915A. Because Lacy faces filing fees for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

If Lacy disagrees with the way I have grouped his claims or if he believes I have left out claims he intended to assert or included claims he did not intend to assert, he may raise those objections, but he must still comply with this order and choose which of the potential lawsuits he wishes to pursue. If he fails to do so, I will dismiss all of his claims for his failure to comply with a court order.

ORDER

IT IS ORDERED that:

1. Plaintiff Johnny Lacy may have until July 31, 2020, to identify for the court whether he wishes to proceed with lawsuit 1), 2), 3), 4), 5), 6), 7), 8), 9), 10),

   OR 11) under the case number assigned to this case. Lacy must pick one and only one of these lawsuits to proceed under case no. 20-cv-473-jdp.

2. Also by July 31, 2020 Lacy is to tell the court which other lawsuits he wishes to pursue under separate case numbers, if any, and which lawsuits he will dismiss voluntarily, if any.

3. For any lawsuit that Lacy dismisses voluntarily, he will not owe a filing fee and he will be permitted to refile the dismissed claims at a later date, so long as he complies with the statute of limitations.

4. For each lawsuit Lacy chooses to pursue, he will owe a separate filing fee.

5. If Lacy fails to respond to this order by July 31, 2020, I will enter an order dismissing his claims without prejudice for his failure to prosecute them.

Entered July 17, 2020.

                BY THE COURT:

                /s/

                _____

                JAMES D. PETERSON
                District Judge