IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNNY LACY, JR.,

                      Plaintiff,

   v.

SANDRA L. McCARDLE,

                      Defendant.

OPINION and ORDER

20-cv-473-jdp

---

This case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. Pro se plaintiff and prisoner Johnny Lacy, Jr. alleges that defendant Sandra McCardle, a nurse practitioner, is failing to provide adequate treatment for a tumor that Lacy believes may be cancerous. Although Lacy is subject to the restrictions in 28 U.S.C. § 1915(g), I concluded in a previous order that that Lacy could proceed without prepaying the filing fee because he is alleging that he is in imminent danger of serious physical injury.

Lacy's allegations don't provide fair notice of his claim, as required by Federal Rule of Civil 8. So I will dismiss the complaint, but I will give Lacy an opportunity to file an amended complaint that clarifies his allegations.

ANALYSIS

Lacy's claim arises under the Eighth Amendment. A prison official violates a prisoner's Eighth Amendment right to medical care if the official is "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584–85 (7th Cir.

2006). The condition does not have to be life threatening. *Id.* A medical need may be serious if it "significantly affects an individual's daily activities," *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997), if it causes significant pain, *Cooper v. Casey*, 97 F.3d 914, 916–17 (7th Cir. 1996), or if it otherwise subjects the prisoner to a substantial risk of serious harm, *Farmer v. Brennan*, 511 U.S. 825 (1994). "Deliberate indifference" means that the officials are aware that the prisoner needs medical treatment, but they are disregarding the risk by consciously failing to take reasonable measures. *See Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).

Thus, a claim under the Eighth Amendment for failing to provide adequate medical care has three elements:

> (1) Did the prisoner need medical treatment?
>
> (2) Did the defendant know that the prisoner needed treatment?
>
> (3) Despite his or her awareness of the need, did the defendant consciously fail to take reasonable measures to provide the necessary treatment?

Lacy hasn't provided enough information to determine whether he can state a claim under the above standard. At the beginning of his complaint, Lacy alleges that McCardle was refusing to run tests on a "growth" that is on or near his kidney or spleen. Dkt. 1, at 1. But later in his complaint, Lacy alleges that he has received both an MRI and multiple CT scans. *Id.*, at 14, 16. Lacy also says that he has a "tumor" on his liver that he believes is cancerous, *id.* at 14, but he doesn't explain why he believes that, and he doesn't say whether the "growth" and the "tumor" are the same or different issue. Most important, Lacy doesn't explain what treatment he believes he should be receiving but McCardle isn't providing. He acknowledges that he is scheduled for another procedure on his liver, though he says he doesn't quite understand what the procedure is for. *Id.*

The bottom line is that Lacy hasn't identified what McCardle is doing to violate his Eighth Amendment rights. So I will dismiss the complaint without prejudice and give Lacy an opportunity to file an amended complaint that provides additional facts and addresses the issues discussed in this order.

## ORDER

IT IS ORDERED that the complaint is DISMISSED without prejudice because it doesn't provide fair notice of Johnny Lacy Jr.'s claim. Lacy may have until October 7, 2020, to file an amended complaint that explains how defendant Sandra McCardle is violating his right to medical care under the Eighth Amendment.

Entered September 16, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge