IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHNNY LACY, JR.,

                               Plaintiff,

v.                                               OPINION and ORDER

SANDRA L. McARDLE,                               20-cv-473-jdp

                              Defendant.

Pro se plaintiff and prisoner Johnny Lacy, Jr. is proceeding on a claim that nurse practitioner Sandra L. McArdle failed to provide him with adequate treatment for his enlarged spleen and the cyst on his kidney, in violation of the Eighth Amendment. McArdle moves for summary judgment on the ground that Lacy didn't exhaust his available administrative remedies, as required by 42 U.S.C. § 1997e(a). Dkt. 58. For the reasons discussed below, I will deny McArdle's motion.

ANALYSIS

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This means that a prisoner must follow all the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). If a prisoner fails to comply with § 1997e(a), the court must dismiss any unexhausted claims without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). But a prisoner's failure to exhaust is an affirmative defense that the defendants must prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

McArdle identifies three grievances filed by Lacy that touch on the issues raised in this case—WSPF-2019-15629, WSPF-2019-16825, and WSPF-2020-3642—and she contends that Lacy failed to file the necessary administrative appeals for each of those grievances. But I need not consider any of those grievances because Lacy relies on a different one, WSPF-2019-15204, which McArdle didn't discuss in her opening brief. In her reply brief, McArdle concedes that Lacy completed the grievance process for WSPF-2019-15204. Dkt. 38, at 5. But she says that the only issue raised in that grievance was a request for an MRI, which is outside the scope of this lawsuit because Lacy acknowledges in his complaint that he received an MRI.

Generally, arguments raised for the first time in a reply brief are forfeited. *Bergal v. Roth*, 2 F.4th 1059, 1062 (7th Cir. 2021). But McArdle's argument fails on the merits as well.

Wisconsin's rules say that a prisoner's administrative complaint "must contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code § DOC 310.07(6). When, as in this case, "the applicable regulations provide little guidance regarding the required contents of a prison administrative complaint, . . . an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (internal quotation marks omitted). *See also Strong v. David,* 297 F.3d 646 (7th Cir. 2002) ("All the grievance need do is object intelligibly to some asserted shortcoming.").

Lacy's grievance satisfies that standard. He wrote the following:

> I have seen the nurse practitioner on more than several occasions with regards to something growing . . . between my spleen and kidney. The growth has enlarged my spleen to the point where there is a persistent ache in my side and I've informed nurse practitioner of this and while she has said that it will be looked at, the pain p[er]sist[s] and I don't want to wait until my kidney shut[s] down before anything is done or it[']s too late!!!

2

> I asked Sandra McArdle, Nurse practitioner in 2016 to have whatever it is that[']s been growing in my left-side, between my kidney and my spleen removed, and she told me that it wasn't benign so it was nothing to worry about.[1] Now it has enlarged my spleen to the point where you can't see my spleen anymore, rather, the growth [sic]. I asked for an MRI which she denied!???

Dkt. 36-3, at 1.

The last sentence of the grievance mentions the request for an MRI, but the grievance is much broader than that, complaining generally about McArdle's alleged failure to provide adequate treatment, including by failing to remove the growth. That was enough to give notice of Lacy's claim that McArdle failed to provide him with adequate treatment for his kidney and spleen. It's true that the grievance examiner summarized Lacy's grievance as "needs an MRI for his spleen/kidney," *Id.* at 4, but that wasn't a reasonable interpretation of the grievance. And Lacy repeated in his appeal that he was complaining generally about inadequate treatment, stating that prison staff weren't "giving [him] the medical care necessary to [al]leviate the problem," and he again asked for "this growth to be removed." *Id.* At each level, officials denied his grievance on the ground that he was receiving adequate care, not on the ground that he was scheduled to receive an MRI. *Id.* at 4–5, 10.

WSPF-2019-15204 gave prison officials notice of the claim that Lacy raised in this case, so he exhausted his administrative remedies as required by § 1997e(a). McArdle's motion for summary judgment is denied.

---

[1] Presumably, Lacy meant to say that McArdle told him that the growth *was* benign.

ORDER

IT IS ORDERED that Sandra McArdle's motion for summary judgment, Dkt. 27, is DENIED.

Entered August 18, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge