IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNNY LACY, JR.,

                            Plaintiff,

      v.

SANDRA L. McARDLE,

                          Defendant.

OPINION and ORDER

20-cv-473-jdp

---

Pro se plaintiff and prisoner Johnny Lacy, Jr. is suing defendant Sandra L. McArdle, a nurse practitioner who treated Lacy at the Wisconsin Secure Program Facility. Lacy is proceeding on claims that McArdle violated the Eighth Amendment by failing to diagnose and treat his enlarged spleen and a cyst on his left kidney, which he believes were responsible for pain that he was experiencing on his left side. McArdle moves for summary judgment. Dkt. 45. I will grant the motion because Lacy hasn't shown that McArdle failed to use appropriate medical judgment or that Lacy was harmed by McArdle's decisions.

ANALYSIS

It is important at the outset to clarify the scope of the claims in this case. Lacy suffers from numerous health conditions, but his complaint in this case is limited to two of those: an enlarged spleen and a cyst on his kidney, along with left-side pain that he believed was the result of those two conditions. Lacy discusses other conditions in his summary judgment materials, including diabetes, cirrhosis, ulcerative colitis, congestive heart failure, a hernia, and polyps in his colon. I will not discuss those issues because they are outside the scope of the complaint, and Lacy doesn't allege that any of them are related to the undiagnosed pain on his

left side. Lacy also alleges that McArdle inappropriately gave him morphine in October 2016, Dkt. 59, ¶ 11–12, but that is also outside the scope of this case. Lacy's complaint is about events in 2019.

Perhaps the most serious condition Lacy discusses in his summary judgment materials is liver cancer. Lacy believes that he has the disease, and he blames McArdle for failing to take steps to detect it sooner.[1] I understood Lacy's original complaint to include a related claim that McArdle was failing to *treat* a tumor on his liver, but I dismissed that claim without prejudice because Lacy failed to provide fair notice of the claim. *See* Dkt. 7. Specifically, he didn't explain what treatment he believed he should be receiving but McCardle wasn't providing. *Id.* at 2. Lacy's amended complaint said nothing about liver cancer or failure to treat a tumor. *See* Dkt. 8. Instead, Lacy focused on his spleen and kidney issues. Lacy's only mention of his liver in the body of his amended complaint was a reference to an ultrasound that Lacy received in April 2019, which showed that Lacy's liver "was within normal limits." *Id.* at 4. It is too late for Lacy to amend his complaint to insert a new claim related to one that he previously abandoned. *See Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) ("a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment") (internal quotation marks omitted)). So I decline to consider Lacy's allegations about McArdle's alleged failure to diagnose liver cancer.

---

[1] I say "believes" because Lacy doesn't cite evidence of a diagnosis. Rather, he cites MRI results from April 2020, which state that he has a lesion in his liver that is "consistent with hepatocellular carcinoma," Dkt. 61-2, at 1–2, or liver cancer. Although it has been nearly two years since that MRI, Lacy says nothing about further testing that he has received or requested to confirm a diagnosis. Nor does he discuss any follow-up treatment that he received or requested for his liver.

One last point of clarification about the scope of Lacy's claims relates to timing and the type of relief available to Lacy. When screening the amended complaint, I understood Lacy to be alleging that he was still under McArdle's medical care. But it's undisputed that McArdle is no longer employed at the Boscobel prison. McArdle doesn't say when she left, but Lacy says it was in November 2019, before he even filed this lawsuit. Dkt. 61, at 11. This means that McArdle can't be held liable for any failures to adequately treat Lacy now, and he cannot obtain injunctive relief against her.

With the scope of Lacy's claims established, I will turn to the merits of Lacy's claims. To prevail on a claim under the Eighth Amendment involving an alleged failure to provide medical care, the plaintiff must show that the defendant consciously refused to provide treatment that was reasonable under the circumstances. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). In other words, the plaintiff must show that no minimally competent professional would have responded as the defendant did. *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021). The decision must be such a substantial departure from accepted professional standard that it is reasonable to infer that the decision was not actually based on a medical judgment. *Id.* The plaintiff must also show that the defendant's actions or failure to act harmed him. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020).

Lacy cannot meet this standard. As for the failure to treat the cyst on his kidney, Lacy hasn't adduced evidence that there was anything to treat.  A CT scan in February 2017 revealed the cyst, but the radiologist determined that the cyst was "likely benign." Dkt. 51-1, at 8. A second CT scan in October 2019 revealed that the cyst had "not significantly changed in size or location compared to the last exam." *Id.* at 32. McArdle says that neither she nor any

specialists Lacy saw considered him to be a good candidate for surgical removal, both because the cyst appeared benign and because Lacy's "numerous other health concerns . . . made him unstable for surgery." Dkt. 49, ¶¶ 57–58. These medical judgments appear reasonable on their face, and Lacy cites no contrary evidence, so McArdle is entitled to summary judgment on this claim.

As for Lacy's enlarged spleen, the medical records that Lacy cites suggest that his spleen is enlarged as a result of hypertension. Dkt. 61-2, at 3. But his most recent CT scan shows that it is only "minimally enlarged" and had actually decreased in size since his previous scan. Dkt. 51-1, at 32. Lacy identifies no basis for inferring that his spleen presents a risk to his health, and he identifies no treatment for his spleen that he needed but McArdle refused to provide.

Lacy says that McArdle should have ordered an MRI, but he doesn't point to any evidence suggesting that he needed an MRI for his spleen or that the MRI would have allowed McArdle to identify a new treatment. As it turns out, Lacy did receive an MRI in April 2020 (when Lacy was under the care of a new provider), and the MRI showed the enlarged spleen as the CT scans did. Dkt. 61-2, at 3. But Lacy doesn't allege that the MRI provided any new information related to his spleen or that he is now receiving different treatment because of the MRI. Lacy says instead that an MRI would have shown the tumor on his liver, but, again, that is outside the scope of this case. So McArdle is entitled to summary judgment on this claim too.

As for the pain in Lacy's left side, it is undisputed that McArdle prescribed multiple pain medications for Lacy and tried different doses. Dkt. 51-1, at 5, 20–21, 24, 26. And when her efforts at alleviating Lacy's pain were unsuccessful, she referred him to a pain clinic.

Dkt. 49, ¶ 41 and Dkt. 51-1, at 4. She also ordered an endoscopy to help identify the source of Lacy's pain, and the endoscopy revealed gastric ulcers. Dkt. 51-2. As a result, McArdle treated Lacy for h. pylori and prescribed omeprazole to reduce the amount of acid in Lacy's stomach and provide pain relief. Dkt. 49, ¶ 21. McArdle may not have determined how to eliminate Lacy's pain, but "even optimal medical care might not alleviate all pain," especially with a patient who has chronic conditions. *Kelly v. Ippel*, No. 21-1273, 2022 WL 500507, at *2 (7th Cir. Feb. 18, 2022). Lacy identifies no reason for questioning McArdle's medical judgment, and he doesn't identify anything else that she should have done. I will grant summary judgment to McArdle on this claim as well.

## ORDER

IT IS ORDERED that the defendant Sandra McArdle's motion for summary judgment, Dkt. 45, is GRANTED. The clerk of court is directed to enter judgment in McArdle's favor and close this case.

Entered March 3, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge