IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHNNY LACY, JR.,

                                    Plaintiff,

        v.                                                              ORDER

SANDRA L. McARDLE,                                          20-cv-473-jdp

                                    Defendant.

Pro se plaintiff Johnny Lacy, Jr. has filed a timely motion under Federal Rule of Civil Procedure 59 for reconsideration of the decision granting summary judgment to defendant Sandra L. McArdle. Dkt. 68. Lacy contended that McArdle violated his Eighth Amendment right to medical care by failing to diagnose and treat his enlarged spleen and a cyst on his left kidney. But I concluded that Lacy's claim failed because the evidence showed that McArdle had used reasonable medical judgment in treating his conditions.

In his motion for reconsideration, Lacy says that I should have recruited counsel for him because he is suffering from medical conditions that made it difficult for him to conduct discovery.  But Lacy doesn't point to any specific discovery that he needed but was unable to get because of a medical condition. I granted Lacy multiple extensions of time throughout the case to accommodate his health. Dkt. 35, 54, 56, and 58. Lacy doesn't explain why those accommodations weren't sufficient. The problem with Lacy's claim wasn't that he didn't have a lawyer or didn't have more medical records; it was that the evidence showed that McArdle had used her medical judgment in deciding how to treat Lacy, which is all that the Eighth Circuit Amendment requires. *See Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021).

Lacy also says that I disregarded his "proof" that two doctors recommended that his spleen be removed. But Lacy neither cites evidence of such recommendations nor points to any portion of his summary judgment submissions in which he even alleged that McArdle had disregarded a doctor's recommendation to remove his spleen. In any event, a difference of opinion among doctors isn't sufficient by itself to prove an Eighth Amendment violation. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). Even now, Lacy doesn't explain why his spleen presents a risk to his health, so this isn't a ground for denying summary judgment to McArdle.

Finally, Lacy says that I didn't consider evidence about other medical conditions, including congestive heart failure and diabetes. But I explained in the summary judgment decision that those issues were not included in Lacy's most recent complaint, so they were outside the scope of the case, and I could not consider them. Dkt. 65, at 1–2.

ORDER

IT IS ORDERED that plaintiff Johnny Lacy, Jr.'s motion for reconsideration, Dkt. 68, is DENIED.

Entered April 4, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge